FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA

2024 MAY 29 PM 2:53

OFFICE OF THE CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

UNITED STATES OF AMERICA,

Plaintiff,

vs.

JASON C. NOTTINGHAM,

Defendant.

8:23CR251

PLEA AGREEMENT

IT IS HEREBY AGREED between the plaintiff, United States of America, through its counsel, Susan T. Lehr, United States Attorney, and Christopher L. Ferretti, Assistant United States Attorney, and defendant, JASON C. NOTTINGHAM, and ~~Julie B. Hansen~~, Richard H. McWilliams counsel for defendant, as follows:

## I
## THE PLEA

A.    CHARGE(S) & FORFEITURE ALLEGATION(S).

Defendant agrees to plead guilty to Count I of the Indictment. Count I charges a violation of Title 18, United States Code, Section 2252(a)(1) & (b)(1).

B.    In exchange for the defendant's plea of guilty as indicated above, the United States agrees as follows:

1.    The United States will move to dismiss Count II at the time of sentencing.

## II
## NATURE OF THE OFFENSE

A.    ELEMENTS EXPLAINED.

Defendant understands that the offense to which defendant is pleading guilty has the following elements:

1.    The Defendant knowingly transported a visual depiction in interstate or foreign commerce, by any means including by computer;

2.    The production of such visual depiction involved the use of a minor engaging in sexually explicit conduct;

3.    Such visual depiction is of a minor engaged in sexually explicit conduct; and

1

4. The Defendant knew that at least one of the performers in such visual depiction was a minor and knew that the visual depiction was of such minor engaged in sexually explicit conduct.

B.    <u>ELEMENTS UNDERSTOOD AND ADMITTED - FACTUAL BASIS</u>.

Defendant has fully discussed the facts of this case with defense counsel. Defendant has committed each of the elements of the crime and admits that there is a factual basis for this guilty plea. The following facts are true and undisputed.

1. Internet child pornography investigators began investigating a CyberTipline report from Yahoo! stating that a user had uploaded 37 files of child pornography between January 16, 2023, and January 19, 2023. Of the 37 files, 34 were videos and 3 were photos.

2. One file was described as a 4-minute-and-9-second video, during which an adult male sexually assaulting a naked female, approximately 3-5 years old, by forcing her to perform oral sex and penetrating her vaginally. The CyberTipline report indicated that the video file was attached to an email sent from a Yahoo! email account to a Gmail account on or about January 18, 2023.

3. Cox Communications advised some IP addresses reported by Yahoo! were associated with a subscriber at an address on North Ridge Drive in Omaha, Nebraska. Others were associated with Walmart.

4. Sprint advised that the phone number reported by Yahoo! was associated with the defendant at a P.O. box in Lenexa, Kansas. Both the subscriber reported by Cox Communications and the defendant had wages from Walmart reported to the Department of Labor.

5. On May 25, 2023, investigators executed a search warrant at defendant's residence in Omaha. Investigators contacted the defendant and advised him that the warrant was related to child pornography. Defendant responded and made some admissions before asking for an attorney and ending the interview. Prior to termination of the interview, Nottingham inquired whether "[the search/investigation was from Facebook," and acknowledged use of the Yahoo! email account reported by in the CyberTipline report.

6. Investigators also executed search warrants to Google for the Gmail account and to Yahoo! for the Yahoo! email account. Within the return from Google, the agent observed "several hundred" images and videos of artificial intelligence ("AI") Child Sexual Abuse Material ("CSAM"). The Yahoo! return indicated that the account was suspended and contained little beyond identifying information for the account user.

7. Investigators forensically examined the defendant's electronic devices. On his computer tower hard drive, they found 26 images of child pornography including images "like" those included in the CyberTipline report. From the Seagate hard drive extraction, investigators located several images of young females that appeared to be chatting with the defendant on Facebook. Two of the females appeared to be 13-15 years old and there were images of them undressing above the waist. One of the females had "I'm 14 years old" written on her chest. Investigators also located "several hundred" images and videos of AI CSAM on the Seagate hard drive extraction.

## III

## PENALTIES

A. COUNT I. Defendant understands that the crime to which defendant is pleading guilty carries the following penalties:

1. A maximum 20 years in prison; and a mandatory minimum of 5 years;

2. A maximum $250,000 fine;

3. A mandatory special assessment of $100 per count; additional special assessments of up to $35,000 (AVAA) and $5,000 per count (JVTA) may be applicable. Restitution may be ordered in an amount not less than $3,000 per victim pursuant to 18 U.S.C. § 2259(b)(2)(B)

4. A term of supervised release of at least 5 years, and up to life. Defendant understands that failure to comply with any of the conditions of supervised release may result in revocation of supervised release, requiring defendant to serve in prison all or part of the term of supervised release.

5. Possible ineligibility for certain Federal benefits.

3

# IV
## AGREEMENT LIMITED TO U.S. ATTORNEY'S OFFICE
### DISTRICT OF NEBRASKA

This plea agreement is limited to the United States Attorney's Office for the District of Nebraska, and cannot bind any other federal, state or local prosecuting, administrative, or regulatory authorities.

# V
## SENTENCING ISSUES

A.   SENTENCING AGREEMENTS.

Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the parties agree the defendant shall receive a sentence of imprisonment of 63 months, to be followed by a term of supervised release. This negotiated agreement resolves all issues related to the case and is the appropriate disposition.

B.   RESTITUTION.

Defendant agrees to the following regarding Restitution:

1.   The amount of restitution ordered by the Court shall include all relevant conduct, including, but not limited to, all charged and uncharged criminal conduct alleged in the Indictment, and not limited to the count(s) of conviction.

2.   Defendant shall pay restitution and Special Assessments pursuant to the Amy, Vicky, and Andy Child Pornography victim Assistance Act (AVAA) and/or the Justice for Victims of Trafficking Act (JVTA) as determined by the Court at sentencing.

3.   Restitution and Assessment payments shall be made payable to the "U.S. District Court Clerk" as directed in the Judgment.

4.   The District Court Clerk will subsequently disburse Defendant's restitution payments to any identified victim(s) (if applicable) for losses as determined by the Court at sentencing.

5.   Court imposed monetary penalties are *due immediately* and subject to *immediate* enforcement by the United States. 18 U.S.C. § 3613.

6.   Any Court ordered schedule for restitution payments is merely a *minimum*

payment obligation, and does not limit the methods by which the United States may immediately enforce the judgment in full, including but not limited to enrollment in the Treasury Offset Program (TOP) (*see* 26 U.S.C. § 6402(d); 31 U.S.C. §3720A; 31 U.S.C. § 3716) and garnishment of available funds, wages, or assets (*see* 18 U.S.C. §§3613, 3664(m)).

7. If incarcerated, Defendant will participate in the Bureau of Prisons Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a payment schedule.

8. Defendant will provide all of defendant's financial information to the United States and the Probation Officer, and agrees, if requested, to participate in a pre-sentencing debtor exam. Defendant will fully and truthfully disclose all assets and property in which Defendant has any interest, or over which Defendant exercises control directly or indirectly, including assets and property held by a spouse, nominee or other third party.

9. At the request of the U.S. Attorney's Office (USAO), Financial Litigation Program (FLP), Defendant will promptly execute and return a fully completed and executed Financial Disclosure statement under oath, a Tax Information Authorization Form 8821, and a Request for Transcript of Tax Return Form 4506-T. Defendant also agrees to provide the USAO FLP copies of financial information that Defendant submitted to the U.S. Probation Office.

10. Defendant authorizes the USAO FLP to obtain Credit Reports concerning Defendant to enable the USAO to evaluate Defendant's ability to satisfy any financial obligations and monetary penalties imposed as part of the sentence, and will execute any Release for such information upon request.

11. Defendant understands that compliance with USAO requests for financial information will be taken into account when the United States makes a recommendation to the Court regarding Defendant's acceptance of responsibility at sentencing. Defendant's failure to timely and accurately complete and sign the financial statement and any update thereto, may, in addition to any other penalty or remedy, indicate a failure to accept responsibility.

12. Defendant's disclosure obligations are ongoing, and are in force from the execution of this agreement until Defendant has satisfied restitution in full.

13. Defendant certifies that Defendant has not transferred assets or property for the purpose of (1) evading financial obligations created by this Agreement; (2) evading obligations that may be imposed by the Court; nor (3) hindering efforts of the USAO to enforce such financial obligations. Defendant promises that Defendant will make no such transfers in the future.

14. If the United States learns of any misrepresentation in the financial disclosure statement, or of any asset in which Defendant had an interest at the time of this plea agreement that is not disclosed in the financial disclosure statement, and in the event such misrepresentation or nondisclosure changes the estimated net worth of Defendant by ten thousand dollars ($10,000.00) or more, the United States may at its option: (1) choose to be relieved of its obligations under this plea agreement; or (2) let the plea agreement stand, enforce the full forfeiture, restitution, and fines imposed by any criminal or civil judgment, including enforcement of 100 percent of the value of any previously undisclosed asset. Defendant agrees not to contest enforcement against of such asset or property. If the United States opts to be relieved of its obligations under this plea agreement, Defendant's previously entered pleas of guilty shall remain in effect and cannot be withdrawn.

C. "FACTUAL BASIS" AND "RELEVANT CONDUCT" INFORMATION.

The parties agree that the facts in the "factual basis" paragraph of this agreement, if any, are true, and may be considered as "relevant conduct" under U.S.S.G. § 1B1.3 and as the nature and circumstances of the offense under 18 U.S.C. § 3553(a)(1).

The parties agree that all information known by the office of United States Pretrial Service may be used by the Probation Office in submitting its presentence report, and may be disclosed to the court for purposes of sentencing.

## VI

## DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK

The defendant hereby knowingly and expressly waives any and all rights to appeal the defendant's conviction and sentence, including any restitution order in this case, and

including a waiver of all motions, defenses, and objections which the defendant could assert to the charges or to the Court's entry of Judgment against the defendant, and including review pursuant to 18 U.S.C. § 3742 of any sentence imposed, except:

(a) As provided in Section I above, (if this is a conditional guilty plea); and

(b) A claim of ineffective assistance of counsel.

(c) A right to file a motion under Section 3582(c)(1)(A);

1. the general right to file a compassionate release motion;

2. the right to file a second or successive such motion; or

3. the right to appeal the denial of a compassionate release.

The defendant further knowingly and expressly waives any and all rights to contest the defendant's conviction and sentence in any post-conviction proceedings, including any proceedings under 28 U.S.C. § 2255, except:

(a) The right to timely challenge the defendant's conviction and the sentence of the Court should the Eighth Circuit Court of Appeals or the United States Supreme Court later find that the charge to which the defendant is agreeing to plead guilty fails to state a crime.

(b) The right to seek post-conviction relief based on ineffective assistance of counsel.

If defendant breaches this plea agreement, at any time, in any way, including, but not limited to, appealing or collaterally attacking the conviction or sentence, the United States may prosecute defendant for any counts, including those with mandatory minimum sentences, dismissed or not charged pursuant to this plea agreement. Additionally, the United States may use any factual admissions made by defendant pursuant to this plea agreement in any such prosecution.

## VII

## **BREACH OF AGREEMENT**

Should it be concluded by the United States that the defendant has committed a crime subsequent to signing the plea agreement, or otherwise violated this plea agreement, the defendant shall then be subject to prosecution for any federal, state, or local crime(s) which this agreement otherwise anticipated would be dismissed or not prosecuted. Any such prosecution(s) may be premised upon any information, statement, or testimony provided by the defendant.

In the event the defendant commits a crime or otherwise violates any term or condition of this plea agreement, the defendant shall not, because of such violation of this agreement, be allowed to withdraw the defendant's plea of guilty, and the United States will be relieved of any obligation it otherwise has under this agreement and may withdraw any motions for dismissal of charges or for sentence relief it had already filed.

## VIII

## SCOPE OF AGREEMENT

A. This plea agreement embodies the entire agreement between the parties and supersedes any other agreement, written or oral.

B. By signing this agreement, the defendant agrees that the time between the date the defendant signs the agreement and the date of the guilty plea will be excluded under the Speedy Trial Act. The defendant stipulates that such period of delay is necessary in order for the defendant to have opportunity to enter the anticipated plea of guilty, and that the ends of justice served by such period of delay outweigh the best interest of the defendant and the public in a speedy trial.

C. The United States may use against the defendant any disclosure(s) the defendant has made pursuant to this agreement in any civil proceeding. Nothing contained in this agreement shall in any manner limit the defendant's civil liability which may otherwise be found to exist, or in any manner limit or prevent the United States from pursuing any applicable civil remedy, including but not limited to remedies regarding asset forfeiture and/or taxation.

D. Pursuant to 18 U.S.C. § 3013, the defendant will pay to the Clerk of the District Court the mandatory special assessment of $100 for each felony count to which the defendant pleads guilty. The defendant will make this payment at or before the time of sentencing.

E. By signing this agreement, the defendant waives the right to withdraw the defendant's plea of guilty pursuant to Federal Rule of Criminal Procedure 11(d). The defendant may only withdraw the guilty plea in the event the court rejects the plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(5). Furthermore, defendant understands that if the court rejects the plea agreement, whether or not defendant withdraws the guilty plea, the United States is relieved of any obligation it had under the agreement and defendant shall be subject to prosecution for any federal, state, or local crime(s) which this agreement otherwise anticipated would be dismissed or not prosecuted.

F. This agreement may be withdrawn by the United States at any time prior to its being signed by all parties.

IX

**MODIFICATION OF AGREEMENT MUST BE IN WRITING**

No promises, agreements or conditions have been entered into other than those set forth in this agreement, and none will be entered into unless in writing and signed by all parties.

X

**DEFENDANT AND COUNSEL FULLY UNDERSTAND AGREEMENT**

By signing this agreement, defendant certifies that defendant read it (or that it has been read to defendant in defendant's native language). Defendant has discussed the terms of this agreement with defense counsel and fully understands its meaning and effect.

UNITED STATES OF AMERICA
SUSAN T. LEHR
United States Attorney

5/29/24
Date

CHRISTOPHER L. FERRETTI
ASSISTANT U.S. ATTORNEY

5/2/24
Date

JASON C. NOTTINGHAM
DEFENDANT

5/2/24
Date

~~JULIE B. HANSEN~~ RICHARD H. MCWILLIAM
COUNSEL FOR DEFENDANT

9