IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff<br><br>vs.<br><br>JASON C. NOTTINGHAM,<br><br>        Defendant. | 8:23CR251<br><br>PLAINTIFF'S SENTENCING<br>MEMORANDUM |

Plaintiff, United States of America, by and through the undersigned Assistant United States Attorney for the District of Nebraska, offers its Sentencing Memorandum in advance of the hearing scheduled for August 29, 2024, at 9:30 a.m.

**A.    Introduction.**

On August 29, 2024, Jason Nottingham ("Nottingham" or "the defendant") will come before the District Court for sentencing after pleading guilty to transportation of child pornography in violation of Title 18, United States Code, Sections 2252(a)(1) and 2252(b)(1). The Court accepted the plea, but deferred acceptance of the plea agreement, pending review of the Presentence Investigation Report (hereinafter PSR). (Filing No. 38). The PSR has calculated the sentencing guideline range of imprisonment as 97-121 months. The United States is requesting a sentence of 63 months' imprisonment, a sentence below the advisory guideline range, consistent with its obligations under the terms of the plea agreement.[1]  The sentence to imprisonment would be followed by a term of supervised release.

---

[1] Agreements as to sentencing in the plea agreement were made pursuant to Fed. R. Crim. P. 11(c)(1)(C).

1

**B.      Sentencing factors under 18 U.S.C. § 3553(a).**

The court shall impose a sentence sufficient, but not greater than necessary, to comply

with 18 U.S.C. § 3553(a)(2). In determining the particular sentence to be imposed, the court shall

consider (1) the nature and circumstances of the offense and the history and characteristics of the

defendant; and (2) the need for the sentence imposed to reflect the seriousness of the offense; to

promote respect for the law; and to provide just punishment for the offense; to afford adequate

deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to

provide the defendant with needed educational or vocational training, medical care, or other

correctional treatment in the most effective manner. 18 U.S.C. § 3553(a)(1) & (2). This

memorandum will address some of those factors.

*Nature and Circumstances of the Offense and the History and Characteristics of the Defendant*

Nottingham pled guilty to a very serious nonproduction child pornography offense, not

unlike the court has seen in dozens of other cases. There are differences, of course. There was

insufficient evidence of distribution to include a receipt and distribution charge; Nottingham was

apparently emailing child pornography to himself, for reasons only he would know. Also, though

the total number of files was comparatively low (37), most were videos. Also, Nottingham had at

least a few photos of partially undressed, young teenage girls in his possession. Though it was

the investigators' assessment that Nottingham probably obtained these photos by chatting over

Facebook, they were unable to recover any actual chats from Facebook.[2]  Finally, Nottingham

---

[2] For further clarification, the tool used to image the external hard drive where these photos were stored parsed the items as "potential Facebook pictures", thus the photos were not stored with any chats. Without additional information such as file paths or Facebook IDs, the investigator was unable to inquire further regarding the identities of the minor victims.

has some criminal history, although all of it is too old to count towards his criminal history score. All these factors are extremely troubling.

### *Need for Sentence Imposed to Reflect the Seriousness of the Offense, Promote Respect for the Law, and to Provide Just Punishment for the Offense*

Consistent with the plea agreement, the United States is requesting that the Court sentence Nottingham to 63 months. Prior to offering this agreement, the United States erred in its guideline calculation, mistakenly omitting the +4 enhancement under § 2G2.2(b)(4)(B) for an offense that involved material that portrays sadistic or masochistic conduct or sexual abuse of toddler or infant. (PSR ¶ 46). Since it is likely the Court will ask the parties why it should accept this agreement, this is the United States' reason; it is not because the United States intended to show Nottingham special favor.

Furthermore, observing that the parties entered into the agreement in good faith, the United States is keenly aware that "[p]lea agreements are contractual in nature and should be interpreted according to general contractual principles." *United States v. Thompson*, 403 F.3d 1037 (8th Cir. 2005), *citing United States v. DeWitt*, 366 F.3d 667 (8th Cir. 2004). With that in mind, while the agreed upon sentence is lower than it otherwise might have been, and while the United States does not agree with all the legal and factual reasons Nottingham gives to the Court in requesting a below guideline sentence, imprisonment for 63 months is not an altogether insignificant sentence to impose if the Court accepts the plea agreement. It is a sentence that would typically be commensurate with a possession-only offense. However, the agreed-upon sentence, if imposed, would still seem to achieve the objectives set forth in § 3553(a) in this case.

### *Need for Sentence Imposed to Afford Adequate Deterrence to Criminal Conduct; to Protect the Public from Further Crimes of the Defendant; and to Provide the Defendant with Needed Educational or Vocational Training, Medical Care, or Other Correctional Treatment in the Most Effective Manner*

The United States hopes that a 63 months' sentence of imprisonment with a term of supervised release will afford adequate deterrence and protect the public from further criminal behavior by Nottingham. A term of imprisonment of more than 5 years should afford him additional opportunities for rehabilitation, to include educational and vocational training.

**C.     Conclusion.**

For the foregoing reasons, the United States will request that the Court accept the plea agreement and sentence the defendant as the plea agreement calls for.

UNITED STATES OF AMERICA
SUSAN T. LEHR
United States Attorney


By:    s/ Christopher L. Ferretti
CHRISTOPHER L. FERRETTI
DC Bar #985340
Assistant U.S. Attorney
1620 Dodge Street, Suite 1400
Omaha, NE   68102-1506
Tel:   (402) 661-3700
Fax:   (402) 345-5724
E-mail:   christopher.ferretti@usdoj.gov


CERTIFICATE OF SERVICE

I hereby certify that on August 28, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:   Richard H. McWilliams, and also hereby certify that a copy of the same has been served by email, to the following non-CM/ECF participants:

Travis E. Wilcoxen
U.S. Probation and Pretrial Services Officer.

s/ Christopher L. Ferretti
Assistant U.S. Attorney

4